IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                      CRIMINAL NO. 5:13-CR-18
                                                      (BAILEY)

**MARK LORING DAWSON,**

    Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

On this day, the above-styled matter came before this Court for consideration of the defendant's *pro se* Motion for Sentence Reduction [Doc. 38], which was filed on April 23, 2019. In his Motion, the defendant asks this Court to help him receive a reduction in his sentence for completing the Residential Drug Abuse Treatment Program ("RDAP"), for which the Bureau of Prisons ("BOP") has told him he is ineligible. Defendant also asks this Court to help him receive the maximum amount of time at a Residential Reentry Center ("RRC"), commonly known as a "halfway house," allowed by the Second Chance Act of 2007. Upon consideration, defendant's Motion must be denied.

Congress entrusted the decision to reduce a prisoner's sentence for RDAP completion solely to the discretion of the BOP. *See* 18 U.S.C. § 3621(b), (e); ***Ayala v. Phillips***, 2008 WL 450478, at *7 (N.D. W.Va. Feb. 19, 2008) (Stamp, J.); ***Higginbotham v. United States***, 2013 WL 2154810, at *2 (N.D. W.Va. May 17, 2013) (Keeley, J.). The language of 18 U.S.C. § 3621(e) which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP

1

reduce a prisoner's sentence upon completion of the program. See *Lopez v. Davis*, 531 U.S. 230, 232 (2001). Furthermore, "Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ('APA')." *Ayala*, 2008 WL 450478, at *7. "Accordingly, any substantive decision by the BOP regarding [defendant's] eligibility to receive a one-year sentence reduction[] is not reviewable by this Court." *Id.*

Title 18 U.S.C. § 3621(e) vests the BOP with discretionary authority to reduce the sentence of a federal prisoner convicted of a *nonviolent offense* upon the successful completion of RDAP. Here, defendant was convicted under 18 U.S.C. § 2423(b). The BOP considers a conviction under that statute to be a crime of violence, thus disqualifying defendant from any reduction of sentence due to completion of RDAP. See *id.* at 244 ("Bureau [of Prisons] may categorically exclude prisoners based on their preconviction conduct."); Program Statement P5162.05, Categorization of Offenses (March 16, 2009), available at https://www.bop.gov/policy/progstat/5162_005.pdf. As judicial review of this decision is specifically excluded by statute under the APA, this Court may only review the BOP's decision if it determines that defendant presents a cognizable constitutional claim or the BOP's interpretation of 18 U.S.C. § 3621(e) is contrary to well-settled law. This Court finds that neither of the above apply.

As to defendant's inquiry regarding RRC placement, the Second Chance Act of 2007, Pub. L. No. 110-99, amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under

2

conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The statute provides that those conditions "may include a community correctional facility," id., commonly known as an RRC or "halfway house." The statute further provides that the decision to confine a prisoner in an RRC shall be made on an individual basis and in light of several factors, most of which are identified in 18 U.S.C. § 3621(b).

Thus, federal regulations dictate that a federal inmate may be released into an RRC for a maximum of twelve (12) months. 28 C.F.R. §§ 570.20–21. However, federal regulations do not establish any minimum amount of time that a federal inmate must spend in an RRC. Id. Similarly, federal regulations do not mandate that federal prisoners must be released to an RRC at all. Id. The BOP has exclusive discretion to determine whether, and for how long, to release an inmate to an RRC. See *Davis v. Hendrix*, 2019 WL 384005, at *3 (N.D. W.Va. Jan. 30, 2019) (Bailey, J.) (citing *Syrek v. Phillips*, 2008 WL 4335494, at *3 n.1 (N.D. W.Va. Sept. 17, 2008) (Stamp, J.)).

Further, as was the case with 18 U.S.C. § 3621, Congress has specifically excluded 18 U.S.C. § 3624 from judicial review under the APA. See 18 U.S.C. § 3625. Thus, "any substantive decision by the BOP with regard to a [defendant's] eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court." *Davis*, 2019 WL 384005, at *3. Accordingly, as defendant has provided no evidence of unconstitutional conduct or that the BOP acted outside the scope of its authority, there is nothing this Court can do with regard to his RRC placement decision.

Therefore, for the reasons stated above, defendant's *pro se* Motion for Sentence

Reduction **[Doc. 38]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to any counsel of record herein and to mail a copy to the *pro se* defendant.

**DATED**: May 9, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE